UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CRAIG D. NUNNERY                              CIVIL ACTION

VERSUS                                        NO: 12-2880

OFFSHORE MARINE CONTRACTORS, INC              SECTION: R

**ORDER AND REASONS**

Defendant Offshore Marine Contractors, Inc. ("OCMI") interprets the complaint of plaintiff Craig D. Nunnery as impermissibly asserting claims for unseaworthiness and strict liability. OCMI now moves for partial summary judgment dismissing those claims. Because the Longshore and Harbor Workers' Compensation Act permits only negligence claims against a third-party vessel owner, the Court GRANTS the motion.

**I.    BACKGROUND**

Plaintiff was hired by Tetra Technologies to perform plug and abandonment work on oil wells owned by Stone Energy.[1] Stone Energy chartered the L/B Wyatt Lee, a self elevating vessel owned by defendant OCMI.[2] Nunnery alleges that on or around March 31, 2012, he was injured when struck in the hip by a maul wielded by

---

[1] R. Doc. 1 at 2.

[2] R. Doc. 24-3 at 1.

his co-worker, Nick Greer.[3] At the time, Nunnery was not aboard the L/B Wyatt Lee; rather, he and Greer were standing on a platform adjacent to the vessel.[4] Plaintiff alleges that Greer attempted to use the maul to strike a joint of pipe that was suspended by a crane located on the L/B Wyatt Lee.[5] Plaintiff further alleges that the crane caused the joint pipe to move unexpectedly, which resulted in the maul slipping from Greer's grip before striking plaintiff.[6] Plaintiff sued OCMI "pursuant to the general maritime law and 33 U.S.C. § 905(b)", seeking damages for past and future lost income, loss of enjoyment of life, personal and medical expenses, and past and future physical and mental pain and suffering.[7] OMCI now moves for partial summary judgment, seeking dismissal of any non-negligence claims plaintiff may have asserted in the complaint. Plaintiff has not opposed the motion.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the

---

[3] R. Doc. 1 at 2-3.

[4] R. Doc. 24-1 at 8.

[5] R. Doc. 1 at 3.

[6] *Id.*

[7] *Id.* at 3-4.

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). The Court must draw all reasonable inferences in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (internal quotation marks omitted).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence that would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991)(citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.

The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *Id.* at 325. *See also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (citing *Celotex*, 477 U.S. at 332).

**III. DISCUSSION**

Based on the wording of plaintiff's complaint, OMCI believes that plaintiff may have asserted, in addition to negligence, claims of unseaworthiness and strict liability. OMCI argues that the Longshore and Harbor Workers' Compensation Act ("LHWCA") expressly precludes these claims.

Section 905(b) of the LHWCA allows an injured longshoreman

4

to bring a third party negligence action against the owner of the vessel causing the injury. *Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92, 96 (1994). This provision, aptly titled "Negligence of vessel," addresses injuries due solely to negligence. 33 U.S.C.A. § 905(b). It expressly states that "the liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred." *Id*. It further states that "[t]he remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this chapter." *Id.* Section 905(b) constituted part of the 1972 Amendments to the LHWCA, which repealed the previous right of longshoremen to sue on the warranty of seaworthiness. *Howlett*, 512 U.S. at 96.

In his complaint, plaintiff asserts that his injury was caused by "the negligence of the defendant and/or as a result of the unreasonably dangerous condition of its vessel, L/B Wyatt Lee."[8] He later states that the "defendant's negligence and/or the unsafe condition of its vessel" caused his injury.[9] The plaintiff also offered the theory that "some defect or malfunction in the L/B Wyatt Lee's crane" moved the joint pipe

---

[8] R. Doc. 1 at 2.

[9] *Id.* at 3.

unexpectedly, leading to the plaintiff's injury.[10]

The defendant reads these references to an "unsafe condition" and an "unreasonably dangerous condition" of the vessel as an attempt to assert a claim of unseaworthiness in addition to his negligence claim. Additionally, the defendant interprets plaintiff's reference to "some defect or malfunction in L/B Wyatt Lee's crane," to mean that the plaintiff may seek relief under a theory of strict liability.

It is not entirely clear from the complaint whether plaintiff is seeking to assert claims of strict liability or unseaworthiness. Regardless, Section 905(b) precludes any theory of recovery other than negligence. Accordingly, to the extent plaintiff seeks to assert claims other than negligence, the Court dismisses those claims.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for partial summary judgment, dismissing any non-negligence claims plaintiff may have pleaded.

New Orleans, Louisiana, this 16th day of July, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[10] *Id.*